**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

CALVIN RAY MCDANIEL                                                                               PLAINTIFF

V.                                              3:09CV00099 WRW/JTR

THOMAS G. MONTGOMERY,
Crittenden County Public Defender;
and BART E. ZIEGENHORN,
Crittenden County Public Defender                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Jonesboro Divisional Office
615 South Main, Room 312
Jonesboro, Arkansas 72401

## I. Introduction

Plaintiff, who is currently being held in the Crittenden County Detention Center, has filed a *pro se* § 1983 Complaint alleging that Defendants have violated his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the Complaint be dismissed, with prejudice, for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S.

## II. Discussion

On May 15, 2009, Plaintiff commenced *McDaniel v. Busby*, 3:09CV00070 JLH/HLJ, alleging, in part, that Crittenden County Public Defenders Thomas Montgomery and Bart Ziegenhorn were not adequately communicating with him and otherwise representing him in regard to criminal charges that are currently pending against him in state court. *See McDaniel v. Busby,* docket entries #2 and #6.  On June 26, 2009, the Honorable J. Leon Holmes, United States Chief District Judge, ruled that Plaintiff had failed to state a viable § 1983 claim against Defendants Montgomery and Ziegenhorn because "'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Id.,* docket entry #7 at 3 (quoting *Polk County v. Dodson*, 102 S. Ct. 445, 453 (1981)). Accordingly, Defendants Montgomery and Ziegenhorn were dismissed, with prejudice, from that lawsuit.[2] *Id.,* docket entries #7 and #11.

On July 6, 2009, Plaintiff commenced this new § 1983 action, in which he renews his ineffective assistance of counsel claims against Defendants Montgomery and Ziegenhorn.[3] *See McDaniel v. Montgomery,* docket entry #2.  As previously stated, Plaintiff has failed to raise a valid § 1983 claim against these two Defendants because public defenders are not state actors. *See Polk County v. Dodson*, 102 S.Ct. 445, 453 (1981); *Eling v. Jones*, 797 F.2d 697, 699 (8th Cir. 1986).

---

Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

[2] However, Plaintiff was allowed to proceed with his remaining § 1983 claims against other Defendants named in that action.

[3] That is the only claim raised in this new, § 1983 action.

Accordingly, this case should be dismissed, with prejudice.[4]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this case be DISMISSED, WITH PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 9th day of July, 2009.

                                                                                            UNITED STATES MAGISTRATE JUDGE

---

[4] If Plaintiff believes he is receiving ineffective assistance of counsel, he should promptly bring the matter to the attention of the judge who is presiding over the criminal charges pending against him in state court.